UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROCKETT SPECIAL UTILITY DISTRICT, a political subdivision of the State of Texas | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No.: |
| vs. | § | 20-CV-1207 |
| | § | |
| SHELLY BOTKIN, DEANN T. WALKER, | § | Jury Trial Demanded |
| and ARTHUR C. D'ANDREA, in their official | § | |
| capacities as Commissioners of the | § | |
| PUBLIC UTILITY COMMISSION OF TEXAS; | § | |
| JOHN PAUL URBAN, in his official capacity | § | |
| as Executive Director of the PUBLIC UTILITY | § | |
| COMMISSION OF TEXAS; ALAMO | § | |
| MISSION LLC, a Delaware limited liability | § | |
| company; CITY OF RED OAK | § | |
| INDUSTRIAL DEVELOPMENT | § | |
| CORPORATION, a Texas non-profit | § | |
| corporation; RED OAK INDUSTRIAL | § | |
| DEVELOPMENT CORPORATION, a Texas | § | |
| non-profit corporation; FCS LANCASTER, LTD., | § | |
| a Texas limited partnership; and COMPASS | § | |
| DATACENTERS DFW III, LLC, a Texas | § | |
| limited liability company | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Rockett Special Utility District, and for its Original Complaint

against Defendants Shelly Botkin, Deann T. Walker and Arthur C. D'Andrea, in

their official capacities as Commissioners of the Public Utility Commission of

Texas; John Paul Urban, in his official capacity as Executive Director of the Public

Utility Commission of Texas; Alamo Mission LLC; City of Red Oak Industrial Development Corporation; Red Oak Industrial Development Corporation; FCS Lancaster, Ltd.; and Compass Datacenters DFW III, LLC, respectfully states and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction under 28 U.S.C. § 1331, as this case is based on a federal question claim brought under 7 U.S.C. § 1926(b) ("§ 1926(b)"), 42 U.S.C. § 1983 ("§ 1983"), and U.S. Const. art. VI, cl. 2, otherwise known as the Supremacy Clause. This Court has jurisdiction over Plaintiff's claims for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

2.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2) because at least one Defendant resides in this judicial district, and a substantial part of the events giving rise to Plaintiff's claims occurred, and continue to occur, in this judicial district.

## PARTIES

3.     Rockett is a political subdivision and an agent and instrumentality of the State of Texas created under the authority of Article XVI, Section 59 of the Texas Constitution, and operating pursuant to, among others, Chapters 13, 49 and 65 of the Texas Water Code, furnishing water service to areas in Ellis and Dallas Counties.

Rockett is an "association" as that term is used in 7 U.S.C. § 1926(a). Rockett is indebted on a loan guaranteed by the USDA. Rockett holds the federal right to be the exclusive water service provider within any area for which Rockett has the legal right to provide water service and provided or has made service available (can provide water service within a reasonable period of time), which includes the land described in the Decertification Petitions referenced below. Rockett moves the District Court to take judicial notice of the Decertification Petitions and all other matters filed in said actions pending before the Public Utility Commission of Texas.

4.     Defendants Shelly Botkin, Deann T. Walker and Arthur C. D'Andrea, (collectively referred to as the "Commissioners") are commissioners for the Public Utility Commission of Texas, a state agency ("PUC"). The Commissioners are named as Defendants solely in their official capacities as commissioners of the PUC. The Commissioners are charged with the primary responsibility for implementing state laws relating to the use and conservation of natural resources, environmental protection and water service. The Commissioners may be served with process by serving each at the William B. Travis Building, 1701 N. Congress Ave., 7th Floor, Austin, TX 78701.

**Rockett seeks only prospective injunctive relief against the Commissioners.**

> To ensure the enforcement of federal law ... the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law.

*Pzifer, Inc. v. Texas Health & Human Servs. Comm'n*, No. 1:16-CV-1228-LY, 2017 WL 11068849, at *2 (W.D. Tex. Sept. 29, 2017) (quoting *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008).

5.     Defendant John Paul Urban ("Urban"), in his official capacity as Executive Director of the PUC, is named as a Defendant solely with respect to his official capacity as Executive Director of the PUC. Urban may be served with process at the William B. Travis Building, 1701 N. Congress Ave., 7th Floor, Austin, TX 78701.

**Rockett seeks only prospective injunctive relief against Urban.**

6.     Defendant Alamo Mission LLC ("Alamo") is a Delaware limited liability company, authorized to conduct business in the State of Texas. Alamo may be served with process on its registered service agent: Corporation Service Company dba CSC – Lawyers Incorporating Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

7.     Defendant City of Red Oak Industrial Development Corporation ("CROIDC") is a Texas nonprofit corporation incorporated under the Development Corporation Act of 1979 (Chapter 501, Texas Local Government Code). CROIDC may be served with process on its registered service agent: Todd Fuller, 200 Lakeview Parkway, Red Oak, TX 75154.

8.      Defendant Red Oak Industrial Development Corporation ("ROIDC") is a Texas nonprofit corporation incorporated under the Development Corporation Act of 1979 (Chapter 501, Texas Local Government Code). ROIDC may be served with process on its registered service agent: Todd Fuller, 200 Lakeview Parkway, Red Oak, TX 75154.

9.      FCS Lancaster Ltd. ("FCS") is a Texas limited partnership. FCS may be served with process on its registered service agent: Koons Real Estate Law, P.C., 1410 Robinson Road, Unit 100, Corinth, TX 76210.

10.     Compass Datacenters DFW III, LLC, ("Compass") is a Delaware limited liability company. Compass may be served with process on its registered service agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## DEFENDANTS' VIOLATIONS OF § 1926(b)

11.     On March 27, 2019 judgment was entered against the Commissioners in *Crystal Clear*:

The court **ORDERS AND DECLARES:**

(1) PUC Officials' Final Order of September 28, 2016, in the matter titled Tex. Pub. Util. Comm'n, *Petition of Las Colinas San Marcos Phase ILLC*, Docket No. 46148 **was entered in violation of 7 U.S.C. § 1926(b)** and is void.

(2) **7 U.S.C. § 1926 preempts and voids** the following section of Tex. Water Code § 13.254(a-6): "The utility commission may not deny a

petition received under Subsection (a-5) based on the fact that a certificate holder is a borrower under a federal loan program."

(3) To the extent that Tex. Water Code § 13.254(a-5) directs PUC Officials to grant a petition for decertification that meets the requirements of that provision without regard to whether the utility holding the certification is federally indebted and otherwise entitled to the protections of 7 U.S.C. § 1926(b), **the statute is preempted and is void.**

**IT IS FURTHER ORDERED** that the PUC, its officers, employees, and agents **are permanently enjoined** from enforcing in any manner the order of September 28, 2016, in the matter titled Tex. Pub. Util. Comm'n, Petition of Las Colinas San Marcos Phase I LLC, Docket No. 46148 (Final Order).

*Crystal Clear Special Util. Dist. v. Walker*, No. 1:17-CV-254-LY, 2019 WL 2453777, at *2 (W.D. Tex. Mar. 27, 2019) (Emphasis added).

12.     Prior to the District Court entering judgment against the Commissioners and declaring that Tex. Water Code §§ 13.254(a-5) and (a-6) are void (relative to entities that enjoy the protection of § 1926(b)) the Commissioners suggested that they had no choice but to follow state law despite that law being contrary to federal law. U.S. Magistrate Judge Andrew W. Austin (Western District) stated in his report and recommendation to the District Court:

Thus, regardless of whether § 13.254(a-5) explicitly directs the PUC to consider the provisions of 7 U.S.C. § 1926(b), the PUC has no choice in the matter, as the Constitution compels it to consider that applicable federal law. The fact that the PUC suggests otherwise is troubling. Generally, a court should be as circumscribed as possible when it determines the scope of a ruling invalidating a statute, and this is particularly true when there are both separation of powers and federalism issues implicated, as there are here. **But the PUC Officials'**

**suggestion that they have no choice but to follow state law even in the face of a directly contrary federal law—despite the fact that the agency has a general counsel and a staff full of attorneys**—supports Crystal Clear's argument that the Court should go further than simply enjoining enforcement of § 13.254(a-6).[4] Accordingly, the Court has added in its recommended relief, a declaration regarding § 13.254(a-5) as well.

*Crystal Clear Spec. Util. Dist. v. Walker*, No. A-17-CV-00254-LY, 2018 WL 6242370, at *4 (W.D. Tex. Nov. 29, 2018), *report and recommendation adopted as modified sub nom. Crystal Clear Spec. Util. Dist. v. Walker*, No. 1:17-CV-254-LY, 2019 WL 2453777 (W.D. Tex. Mar. 27, 2019).

The Commissioners persistently disregard the judgment of the District Court and continue ignoring the protections afforded by § 1926(b) to qualifying associations including Rockett. The Commissioners persistently consider actions such as the Decertification Petitions that are preempted by § 1926(b) and therefore void.

13.     On August 16, 2019, Defendant Alamo filed its petition with the PUC (case number 49863) seeking a decertification of property situated within Rockett's Certificate of Convenience and Necessity ("CCN") purportedly owned by Defendant Alamo, pursuant to Tex. Water Code § 13.254(a-5). Alamo's petition to decertify or remove a part of Rockett's CCN is a form of interference prohibited by Rockett's federal rights under § 1926(b) and is a violation of § 1926(b) because Alamo is

seeking to reduce the customer pool for Rockett within Rockett's protected service area.

> Indeed, the type of encroachment contemplated by § 1926(b) is not limited to the traditional guise of an annexation followed by the city's initiation of water service. **It also encompasses other forms of direct action that effectively reduce a water district's customer pool within its protected area.** *See id.* at 716 ("[T]he question becomes whether McAlester's sales to customers ... purport to take away from Pitt 7's § 1926 protected sales territory.").

*Rural Water Dist. No. 4, Douglas Cty., Kan. v. City of Eudora, Kan.*, 659 F.3d 969, 985 (10th Cir. 2011) (Emphasis added).

All land Alamo seeks to decertify is situated within Rockett's CCN No.10099.

14.     On August 19, 2019, Defendant CROIDC filed its Petition with the PUC (case number 49871) seeking a decertification of property situated within Rockett's CCN and purportedly owned by Defendant CROIDC (and for which CROIDC later conceded it does not own), pursuant to Tex. Water Code § 13.254(a-5). CROIDC's petition to decertify or remove a part of Rockett's CCN is a form of interference prohibited by Rockett's federal rights under § 1926(b) and is a violation of § 1926(b) because CROIDC is seeking to reduce the customer pool for Rockett within Rockett's protected service area. All land CROIDC seeks to decertify is situated within Rockett's CCN No. 10099.

15.     During the pendency of CROIDC's petition referenced in paragraph 14 above, Defendant ROIDC sought to substitute itself as the petitioning landowner, in

place of CROIDC, and filed pleadings directly requesting that the PUC decertify or remove a part of Rockett's CCN. ROIDC's actions to decertify or remove part of Rockett's CCN is a form of interference prohibited by Rockett's federal rights under § 1926(b) and is a violation of § 1926(b) because ROIDC is seeking to reduce the customer pool for Rockett within Rockett's protected service area. All land ROIDC seeks to decertify is situated within Rockett's CCN No. 10099.

16.    On July 13, 2020, Defendant FCS filed its Petition with the PUC (case number 51044) seeking a decertification of Rockett's CCN regarding property purportedly owned by Defendant FCS, pursuant to Tex. Water Code § 13.2541 and 16 Tex. Admin. Code § 24.245(h). FCS's petition to decertify or remove a part of Rockett's CCN is a form of interference prohibited by Rockett's federal rights under § 1926(b) and is a violation of § 1926(b) because FCS is seeking to reduce the customer pool for Rockett within Rockett's protected service area. All land FCS seeks to decertify is situated within Rockett's CCN 10099.

17.    On November 20, 2020, Defendant Compass filed its petition with the PUC (case number 51545) seeking a decertification of property situated in Rockett's CCN and purportedly owned by Defendant Compass, pursuant to Tex. Water Code § 13.2541. Compass's petition to decertify or remove a part of Rockett's CCN is a form of interference prohibited by Rockett's federal rights under § 1926(b) and is a violation of § 1926(b) because Compass is seeking to reduce the customer pool for

Rockett within Rockett's protected service area. All land Compass seeks to decertify is situated within Rockett's CCN No. 10099.

18.     Defendants Alamo, CROIDC, ROIDC, FCS and Compass, knew or should have known that the Texas statutes that their respective Decertification Petitions depend upon are unconstitutional and void because those statutes are preempted by § 1926(b).

19.     Defendant Commissioners knew or should know that petitions for decertification filed with the PUC pursuant to Tex. Water Code § 13.254(a-5) or § 13.2451, against an entity such as Rockett, that is entitled to the protections of § 1926(b), are premised on statutes that are void and unenforceable.

20.     The PUC Commissioners have failed to dismiss the petitions for decertification referenced in paragraphs 13–17 above and are actively considering those Decertification Petitions in violation of § 1926(b).

21.     Rockett is indebted on a loan guaranteed by the United States Department of Agriculture ("USDA") ("Guaranteed Loan"). Specifically, the USDA issued both a Conditional Commitment (a method used by the USDA to insure a loan) and a Loan Note Guarantee, insuring and guaranteeing a loan made by lender CoBank ACB to Rockett. An insured or guaranteed loan qualifies the borrower (Rockett) for § 1926(b) protection.

> Under Section 1926(a), "such loans" include loans the government makes or insures, *see id.* § 1926(a)(1), and loans the

government guarantees, *see id.* §  1926(a)(24).   Therefore,   under § 1926(b), **the federal guarantee of Douglas–4's private loan may be considered one "such loan" for purposes of meeting the requirements of § 1926(b)**."

*Rural Water Dist. No. 4, Douglas Cty., Kan. v. City of Eudora, Kan.*, 659 F.3d 969, 976 (10th Cir. 2011).

22.    The Decertification Petitions each admit that the property for which decertification is sought is within the CCN granted to Rockett by the State of Texas.

23.    Rockett is entitled to § 1926(b) protection because (1) Rockett is indebted on a loan both insured and guaranteed by the USDA, and (2) Rockett has "made service available" because of its nearby facilities and infrastructure maintained by Rockett and Rockett's physical ability to provide water service immediately or within a reasonable period of time. Specifically, Rockett has (1) adequate facilities to provide water service to the areas specified in the Decertification Petitions within a reasonable time after a request for service is made and (2) the legal right to provide service. *Green Valley Spec. Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 477 (5th Cir. 2020).

24.    Rockett's "territory" (i.e., area under Rockett's CCN) for which it has the *legal right* to provide water service under Texas law, includes land identified in the Decertification Petitions. This legal right cannot be diminished or altered once Rockett becomes indebted on a loan insured or guaranteed by the USDA.

> In addition to these principles defining the protection § 1926(b) affords rural water districts from competition, **state law cannot change the service area to which the protection applies,** *after* **that federal protection has attached**. *See Pittsburg County,* 358 F.3d at 715. For instance, "where the federal § 1926 protections have attached, § 1926 preempts local or state law that can be used to justify a municipality's encroachment upon disputed area in which an indebted association is legally providing service under state law." *Pittsburg County,* 358 F.3d at 715 (quotation, alteration omitted).

*Rural Water Sewer & Solid Waste Mgmt. v. City of Guthrie*, 344 F. App'x 462, 465 (10th Cir. 2009), *certified question answered sub nom. Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cty., Oklahoma v. City of Guthrie*, 2010 OK 51, 253 P.3d 38 (Emphasis added).

Defendants Alamo, CROIDC, ROIDC, FCS and Compass are attempting to diminish or alter the territory of Rockett through their Decertification Petitions, all of which violate § 1926(b).

25.    Any doubts regarding whether Rocket is entitled to the protections of § 1926(b) must be resolved in Rockett's favor. Rockett's territory is sacrosanct.

> In order to achieve both of these stated purposes, **"[d]oubts about whether a water association is entitled to protection from competition under § 1926(b) should be resolved in favor of the F[M]HA-indebted party seeking protection for its territory**." Sequoyah Cnty. Rural Water Dist. No. 7, 191 F.3d at 1197 (*citing* ***North Alamo Water Supply Corp.,*** 90 F.3d at 913 *and* ***Jennings Water, Inc.,*** 895 F.2d at 315 (citing five federal courts which have held that § 1926 should be liberally interpreted to protect FmHA-indebted rural water associations from municipal encroachment)).

In addition to interpreting § 1926(b) broadly to "indicate a congressional mandate" that local governments not encroach upon the services provided by federally indebted water associations, regardless of the method of encroachment, **the Fifth Circuit has gone so far as to designate "the service area of a federally indebted water association" as "sacrosanct", emphasizing the virtually unassailable right of an indebted association to protection from municipal encroachment.** *North Alamo Water Supply Corp.,* 90 F.3d at 915; *see also Bear Creek Water Ass'n, Inc.,* 816 F.2d at 1059 (affirming that one dollar of debt would be enough to afford the statute's protection because Congress "literally proscribed interference by competing facilities ... 'during the term of said loan'").

*El Oso Water Supply Corp. v. City of Karnes City, Tex.*, No. SA-10-CA-0819-OLG, 2011 WL 9155609, at *6 (W.D. Tex. Aug. 30, 2011), *report and recommendation adopted,* No. CIV. SA-10-CA-819-OG, 2012 WL 4483877 (W.D. Tex. Mar. 19, 2012), *judgment entered,* No. SA10CA0819-0G, 2012 WL 4747680 (W.D. Tex. Apr. 11, 2012) (Emphasis added) (Note: *N. Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 914 (5th Cir. 1996), was overruled on other grounds by *Green Valley Spec. Util. Dist. v. City of Schertz, Texas,* 969 F.3d 460 (5th Cir. 2020)).

26. The Commissioners are precluded from re-litigating the issues decided in *Crystal Clear*.

**Collateral estoppel, or issue preclusion, may be applied to bar relitigation of an issue previously decided by a court of competent jurisdiction** where: (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine. *Winters v. Diamond*

*Shamrock Chem. Co.*, 149 F.3d 387, 391 (5th Cir. 1998) (quoting *Copeland, et al. v. Merrill Lynch & Co., et al.*, 47 F.3d 1415, 1422 (5th Cir. 1995)). "'**Complete identity of parties in the two suits is not required**.'" *Robin Singh Educ. Servs. Inc. v. Excel Test Prep Inc.*, 274 F. App'x 399, 404 (5th Cir. 2008) (quoting *Terrell v. DeConna*, 877 F.2d 1267, 1270 (5th Cir. 1989)). In *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979), the seminal Supreme Court case setting out the parameters of the *offensive* use of collateral estoppel— the type at issue here—the Court observed that "[t]he general rule should be that in cases ... [where] the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel." *Id.* at 330–31. **The Court emphasized, however, that the trial court has *broad* discretion to determine whether collateral estoppel is appropriately employed offensively to preclude issue relitigation.** *Id.* at 331; *see also Winters*, 149 F.3d at 392 (highlighting the Supreme Court's grant of broad discretion to trial court's determination of whether offensive collateral estoppel is appropriate).

*Taylor v. Vaughn*, No. A-15-CV-648-LY-ML, 2016 WL 11588707, at *5 (W.D. Tex. July 25, 2016) (Emphasis added).

## Count 1

### Violation of § 1983 – Commissioners and Urban

27.    Rockett incorporates by reference all allegations above.

28.    In order to state a cause of action under 42 U.S.C. § 1983, Rockett must allege only that some person has threatened to deprive or has deprived it of a federal right and that such person acted under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

29.    Rockett has a federal right under § 1926(b) to be protected from any curtailment or limitation of its right to sell water within Rockett's territory.

30.     Actions of the Commissioners and Urban constitute an attempt to deprive Rockett of its § 1926(b) federal rights.

31.     The actions of the Commissioners and Urban are conducted under color of state law by virtue of their statutory power to decertify land situated within the boundaries of Rockett's CCN after Rockett became indebted on a loan which qualified Rocket for § 1926(b) protection, and for which Rockett has made water service available, as the term "made water service available" has been interpreted by the Fifth Circuit and other Federal Circuit Courts of Appeal.

32.     Rockett suffered or is in immediate jeopardy of suffering loss and damage as a result of the wrongful acts of the Commissioners and Urban in connection with the Decertification Petitions.

## Count 2

### Declaratory Judgment – § 1926(b) – All Defendants

33.     Rockett incorporates by reference all allegations above.

34.     This claim is brought pursuant to and in accordance with 28 U.S.C. §§ 2201 and 2202 seeking a declaration of the rights and other legal relations of the Parties under § 1926(b).

35.     There exists an actual case or controversy between Rockett and all of the Defendants concerning the Commissioners or Urban's authority to decertify a portion of Rockett's CCN, namely to remove the land described in the

Decertification Petitions from Rockett's territory (its CCN) to allow Alamo, CROIDC, ROIDC, FCS and Compass to obtain water service from another competitive entity and/or whether such decertifications, if not directly prohibited, will negatively affect Rockett's rights under §1926(b) to be the exclusive water service provider to the land specified in the Decertification Petitions.

36.     Section 1926(b) prohibits decertification of any portion of Rockett's CCN if the decertification would function to limit or curtail the water service provided or made available by Rockett or allow competition with Rockett within Rockett's CCN, or function to impair the collateral pledged to secure the federally guaranteed loan referenced above or deprive the lender (CoBank) and guarantor (USDA) of their rights in the collateral. Decertification of Rockett's territory/CCN is prohibited under the Fifth Circuit's "bright-line" rule. *City of Madison, Miss. v. Bear Creek Water Ass'n, Inc.,* 816 F.2d 1057, 1059 (5th Cir. 1987). The threatened decertification violates Rockett's § 1926(b) rights and any order issued by the PUC or Commissioners, if issued, shall be a nullity and of no force or effect.

37.     Texas Water Code Section 13.254(a-6) (re-designated as Section 13.2541(d)) originally stated in pertinent part: "The utility commission may not deny a petition received under Subsection (a-5) based on the fact that a certificate holder is a borrower under a federal loan program." Tex. Water Code § 13.254. Section 13.2541(d) now states: "The utility commission may not deny the petition based on

the fact that the certificate holder is a borrower under a federal loan program." *Id*. This statutory language is void because it violates the Supremacy Clause. The Commissioners were parties to *Crystal Clear*, and are bound by the judgment entered in that case. *Crystal Clear*, 2019 WL 2453777. The Commissioners and Urban are prohibited from disregarding the judgment entered in *Crystal Clear* relative to the Decertification Petitions.

38.     Regardless of whether the Texas Water Code explicitly directs the PUC to disregard the provisions of § 1926(b), the PUC has no choice in the matter, as the Constitution compels it to consider and comply with applicable federal law. *See Crystal Clear Spec. Util. Dist. v. Walker*, No. A-17-CV-00254-LY, 2018 WL 6242370, at *4 (W.D. Tex. Nov. 29, 2018), report and recommendation adopted as modified sub nom. *Crystal Clear Special Util. Dist. v. Walker*, No. 1:17-CV-254-LY, 2019 WL 2453777 (W.D. Tex. Mar. 27, 2019).

39.     The Texas statutes upon which the Decertification Petitions depend are unconstitutional for the reason that they interfere with Rockett's rights under § 1926(b). Any action by the Commissioners or Urban to decertify or remove portions of Rockett's CCN would frustrate an important federal statutory scheme intended to promote rural development as codified in 7 U.S.C. § 1926.

40.     The Texas statutes upon which the Decertification Petitions are premised must be declared preempted, void, and unconstitutional because the

statutes are in direct conflict with the purposes and objectives of § 1926(b). As a result, the Commissioners and Urban have no authority to act upon the Decertification Petitions relative to Rockett's territory or CCN, and Alamo, CROIDC, ROIDC, FCS and Compass, have no lawful right to pursue their Decertification Petitions.

## Count 3

## Injunctive Relief – All Defendants

41.     Rockett incorporates by reference all allegations above.

42.     Rockett does not have a proper and adequate remedy at law and injunctive relief is a proper remedy for violation of § 1983 as well as for violations of § 1926(b).

**Jury Demand – Rockett demands a jury trial as to all issues triable by jury.**

## Prayer

Rockett prays the Court grant the following relief:

1.     The Court enter a declaration that Texas Water Code sections on which the Decertification Petitions are based are preempted to the same extent and in the same manner as that specified in *Crystal Clear*.

2.     The Court enter a permanent injunction against all of the Defendants from the further presentation, prosecution, consideration, or granting relief of the pending Decertification Petitions.

3.     The Court award attorney fees and costs of this action in the form of a judgment in favor of Rockett and against Defendants Alamo, CROIDC, ROIDC, FCS and Compass.

4.     The Court grant such other and additional relief as Rockett demonstrates it is entitled.

Respectfully submitted,

**ALLENSWORTH AND PORTER, L.L.P.**
100 Congress Avenue, Suite 700
Austin, Texas  78701
(512) 708-1250  Telephone
(512) 708-0519  Facsimile

By:_____ _____ _____
        Matthew C. Ryan
        State Bar No. 24004901
        mcr@aaplaw.com
        Will W. Allensworth
        State Bar No. 24073843
        wwa@aaplaw.com
        Karly A. Houchin
        State Bar No. 24096601
        kah@aaplaw.com

**DOYLE HARRIS DAVIS & HAUGHEY**
Steven M. Harris, OBA #3913
Michael D. Davis, OBA #11282
2419 East Skelly Drive
Tulsa, OK 74105
(918) 592-1276
(918) 592-4389 (fax)
steve.harris@1926blaw.com
mike.davis@1926blaw.com

**THE LAW OFFICE OF JAMES W. WILSON**
Maria Huynh
State Bar No. 24086968
103 W. Main Street
Allen, Texas  75013
(972) 727-9904
(972) 755-0904 (fax)
mhuynh@jww-law.com

*ATTORNEYS FOR PLAINTIFF*